UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

-------------------------------------------------------X
FRANCOISE MCCOY, an individual
And
CHRISTIAN MCCOY, by and through                       CASE NO: 1:20-cv-11693
FRANCOISE MCCOY in her capacity as
Personal Representative of the Estate of
Christian McCoy,

        Plaintiff,

v.

SARAH MCNARY and
ROBERT WILKIE, in his
Capacity as Secretary of the Department
of Veteran Affairs

        Defendants
-------------------------------------------------------X

## COMPLAINT

Plaintiff's FRANCOISE MCCOY and CHRISTIAN MCCOY, by and through FRANCOISE MCCOY as Personal Representative of the Estate of Christian McCoy, by and through their attorneys state their complaint against Defendants as follows:

## NATURE OF THE ACTION

1.    This action arises out of the reprehensible and unlawful actions of VA Nurse Sarah McNary and her efforts to illegally use private information to manipulate the children of a deceased veteran and extort $800,000 from his grieving widow, Plaintiff Francoise McCoy. These events followed the tragic death of CW4 (ret.), Christian McCoy (hereinafter, "McCoy" or "Plaintiff"), which occurred on June 24, 2019 while working as a private military contractor for CACI International in Afghanistan.

2.      What began as a soldier reaching out to the local Veterans Affairs (hereinafter "VA") office to begin the process of receiving his Veteran benefits, has spiraled into the Defendant VA disseminating personal information involving Plaintiff to the public in an effort to rewrite the narrative of McCoy's life and death to further efforts to extort the majority of his life insurance benefits from his widow, Plaintiff Francoise McCoy.

3.      Throughout the process of applying for his Veteran Benefits, Plaintiff worked closely with several employees at the VA including Sarah McNary (hereinafter, "Defendant McNary") whereby Plaintiff provided the VA with personal information involving his health, family, and finances.  The Defendant VA failed to protect the private information of Plaintiff which Defendant McNary used in a public assault on Plaintiff Francoise McCoy and to manipulate Plaintiff's children in an effort to extort money from Francoise McCoy.

4.      When Plaintiff Francoise McCoy refused to capitulate to these extortionate demands, Defendant McNary continued leaking private information regarding Plaintiff McCoy to his children as well as writing public posts on Facebook used to garner sympathy for the children and further paint a dark picture of Francoise McCoy.

5.      Defendant McNary's purpose behind the public Facebook posts was not to inform the public of the truth about Plaintiff McCoy, but rather paint a false narrative of a vindictive stepmother creating a slanted, biased, and untruthful viewpoint of Francoise McCoy, in an effort to shame her into turning over money.

6.      Defendant McNary demonstrated reckless disregard for the truth in publishing public Facebook posts relative to Plaintiff McCoy and Francoise McCoy knowing it would mislead the public and further the assault on Francoise McCoy.

7.      As a direct result of Defendant McNary's false and malicious posts, Francoise McCoy has been subjected to serious and disturbing harassment, especially from Army Green Beret's international community and those at the Veteran's Administration.

## PARTIES

8.      Plaintiff Francoise McCoy is the widow of Christian McCoy.  She is a resident of Massachusetts.

9.      Plaintiff Christian McCoy, by and through Francoise McCoy as Personal Representative of the estate, was a CW4(ret.) Green Beret in the United States Army.

10.      Defendant Robert Wilkie is the Secretary of the Department of Veteran Affairs, named in his official capacity pursuant to 42 U.S.C. § 2000e-16.  Defendant does business in the District of Massachusetts, relevant to this case specifically, through the Bedford Veterans Affairs Office.

11.      Defendant Sarah McNary is a Registered Nurse (RN) and employed by the Veterans Administration in the Transition Care Management Unit at the Northampton-Leeds, MA office.   She is a Massachusetts resident.

## JURISDICTION AND VENUE

12.      This court has jurisdiction over the claims against Defendant Wilkie pursuant to 5 U.S.C. §522a(g)(1)(D).

13.      This Court has subject matter jurisdiction over the claims against Defendant McNary pursuant to 28 U.S.C. § 1367(a).

14.      Venue is appropriate in the District of Massachusetts pursuant to 5 U.S.C. §552a(g)(5), as the agency records at issue were situated in Bedford, Massachusetts.  Additionally, venue is proper in this District for the claims against Defendant McNary, pursuant to 28 U.S.C. §

1391 (b)(2), because a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## STATEMENT OF FACTS

### Factual Background

15.     Plaintiff Francoise McCoy is an orphan having been abandoned by her mother when she was only a few months old and never knowing her father.

16.     Plaintiff Francoise McCoy was diagnosed with Autism and often has trouble with her emotional regulation and ability to process highly emotionally charged situations.

17.     Plaintiff Francoise McCoy spent her childhood moving from house to house in the Canadian foster care system.  Though foster care is often a safe haven for some children, for Francoise McCoy it was a nightmare where she was used for sex trafficking at a very young and vulnerable age.

18.     Francoise McCoy was able to escape a childhood of sex-trafficking riddled with trauma and PTSD to become a human service worker and relief aid worker, giving back and helping those who came from unfortunate backgrounds like her though still suffering with severe trauma and PTSD.

19.     Plaintiff Francoise McCoy met Christian McCoy while both were serving overseas; Francoise McCoy as a human service worker and Christian McCoy in his capacity with the United States Army.  Christian McCoy was able to see in Francoise McCoy what she could not see in herself, and they were married June 8, 2011.

20.     Christian McCoy was instrumental in saving Francoise McCoy and providing her a life with safety and security.

21.     Francoise McCoy continued her involvement with relief work and human service work until 2017 when Christian's children came to live with them. Francoise McCoy left her job working with societies most vulnerable, sacrificing her income to be home with the children while Christian McCoy was often deployed with the United States Army.

22.     Christian McCoy served in the United States Army for approximately 30 years, most of his time being spent with the Special Forces, a team he was close to and whom he considered family. A brotherhood.

23.     Christian McCoy retired as a CW4 from the United States Army on August 31, 2018.  Upon retiring from the Army, McCoy acquired employment by CACI International working as a member of the Joint Expeditionary Team.

24.     In October 2018, McCoy deployed to Afghanistan as part of the Joint Expeditionary Team.  Due to the timing of the deployment, Christian McCoy had not initiated the process to receive his Veteran benefits.

25.     Prior to deploying with the Joint Expeditionary Team, Christian McCoy acquired several life insurance policies totaling $1.2 million, with Francoise McCoy as beneficiary.  The purpose of the life insurance policies were to ensure Francoise McCoy was protected if he passed. Christian McCoy was attempting to take care of Francoise McCoy, after death, just has he had during his life.

26.     On November 5, 2018 McCoy contacted Defendant McNary, in her capacity as an agent of the Veterans Administration, regarding filing a claim with the VA for disability. Defendant McNary informed McCoy she would enroll him at North Hampton VA and could remotely screen McCoy through telephone.

27.     Defendant McNary further informed McCoy she would assist filling out all benefit paperwork and informed McCoy how to file an "Intent to File" form.  Defendant McNary proceeded to be closely affiliated with McCoy's claim throughout the entire process, including connecting McCoy with medical professionals for various appointments.

28.     Plaintiff Christian McCoy regularly communicated with Defendant McNary regarding the process with the VA and Defendant McNary would often send Christian McCoy messages regarding upcoming appointments and other information relative to his VA claim. During the course of the communications, Plaintiff Christian McCoy disclosed to Defendant McNary, in her capacity as a VA representative, the life insurance policies as well as Francoise McCoy's autism and PTSD.

29.     On June 24, 2019 McCoy was killed while serving on the Joint Expeditionary Team in Afghanistan.

**Initial Leaks**

30.     Immediately following the death of McCoy on June 28, 2019, Defendant McNary made public Facebook posts surrounding the death of McCoy, informing the public she was made aware of the McCoy's passing before his family sharing private information acquired through her role with the VA.

31.     Defendant McNary, acting as Agent for the VA, disclosed to outside parties, including the children of McCoy, without consent or authority, private information pertaining to McCoy, including the total sum of his life insurance. Defendant McNary disclosed the financial information to not only the children of McCoy, but their attorney, biological mother, and other third parties.    The disclosure of McCoy's private information was a catalyst for the further onslaught by Defendant McNary.

32.     Defendant McNary falsely told the children of Christian McCoy they were each entitled to $400,000 of the $1.2 million received by Francoise McCoy.  She misled the children to believe that the money was rightfully theirs, setting off a firestorm that tore the family apart.

### McNary's public attack

33.     After disclosing the illegally obtained private information of Plaintiff McCoy to the children of McCoy, Defendant McNary took her attack one step further; disclosing the illegally obtained personal information of Plaintiff McCoy to the attorneys involved in the probate of Plaintiff McCoy's estate,  which caused Plaintiff Francoise McCoy to find herself intertwined in a lengthy and protracted probate process.

34.     Defendant McNary, in an effort to further control the narrative surrounding the estate of McCoy, ensured that her close friend, Freya Shoffner, became the attorney of McCoy's son, Benjamin as well as the attorney for Joshua Opper, the guardian of McCoy's daughter Abigail. Defendant McNary was able to funnel the illegally obtained private information of Plaintiff Francoise McCoy and Plaintiff McCoy to Freya Shoffner, further tarnishing Plaintiff Francoise McNary and creating a false narrative throughout the Probate.

35.     Defendant McNary continued to interject herself into the lives of McCoy's children by regularly communicating with them and using the information regarding the life insurance to berate Francoise McCoy.

36.     In October 2019, Defendant McNary called a close confidant of the McCoy family, Eyal Shapira, and disclosed the private insurance payouts received by Plaintiff Francoise McCoy, demanding Benjamin and Abigail McCoy receive $400,000 each. Defendant McNary took this opportunity to further inform Mr. Shapira of Plaintiff Francoise McCoy's abandonment of the children and her abhorrent behavior, which Defendant McNary knew to be false.

37.     Defendant McNary took her attack public on October 19, 2019 publicly posting on Facebook and Instagram a picture of Plaintiff McCoy's son with a caption regarding the "despicable behavior of the adults" and asking the public to private message them for further information. (attached hereto as Exhibit A is a true and correct copy of the post referenced herein).

38.     Plaintiff Francoise McCoy, in an effort the calm the matter and provide for the children, moved out of the family residence allowing the children live in their family home. Francoise McCoy left all personal belongings and the security and safety of her home, the very home she shared with her husband, to live alone in a new house without family and support all in an effort to help.

39.     Throughout this process, Defendant McNary regularly posted in Facebook groups dedicated to Green Berets and the Special Forces Community about Francoise McCoy and how the children of a fallen Solider were not being provided for, knowing it would cause the Special Force Community to reject Francoise McCoy and paint her as a money hungry widow.

40.     The Green Berets and Special Forces, the very people Christian and Francoise McCoy considered friends, began to reject Francoise McCoy, leaving her again alone without family reminiscent of her childhood.

41.     On December 26, 2019, Defendant McNary posted a picture of herself with Benjamin McCoy, in the home of Plaintiff McCoy and Plaintiff Francoise McCoy with the hashtag #dotherightthingfran while referencing Plaintiff Francoise McCoy as a wicked stepmother in the comments. In additional comments on the same post, Defendant McNary references Benjamin McCoy having lost everything as a result of Plaintiff Francoise McCoy.  Defendant McNary used the personal information of Plaintiff Francoise McCoy and Plaintiff McCoy to further perpetuate a public image of Plaintiff Francoise McCoy and intentionally create hostility amongst the Green

Beret community. (attached hereto as <u>Exhibit B</u> is a true and correct copy of the post referenced herein).

42.     Defendant McNary created the hashtag #dotherightthingfran as a way to further create tension and create a public image of a woman who abandoned her children and failed to provide for them in an effort to extort from Plaintiff Francoise McCoy the life insurance proceeds received from Plaintiff McCoy.

43.     While Plaintiff Francoise McCoy was living alone in an unfamiliar house, Defendant McNary entered Plaintiff McCoy's house gaining access to her private personal belongings.

44.     Robert Blount, in a comment on Defendant McNary's page, posted a picture of Plaintiff McCoy and himself for Defendant McNary to pass along to Benjamin McCoy. Defendant McNary capitalized on this moment to further cause public shame to Plaintiff Francoise McCoy by stating "the stepmother took the memory stick full of photos when she abandoned them after Christian's funeral". (attached hereto as <u>Exhibit C</u> is a true and correct copy of the post referenced herein).

45.     The leaked information regarding the life insurance proceeds received by Plaintiff Francoise McCoy to the children of Plaintiff McCoy by Defendant McNary began a five-month legal battle between Plaintiff Francoise McCoy and the children of Plaintiff McCoy costing Plaintiff McCoy exorbitant Attorney's fees. The legal issues were based on false information provided by Defendant McNary.

46.     In a last-ditch effort to further paint Francoise McCoy as a villain, Jan McCoy, the ex-wife of Christian McCoy, released a public Go Fund Me account pleading for money for a

headstone for Christian McCoy.  Jan McCoy, acting off the information and assumptions provided by Defendant McNary, further perpetuated the attack on Francoise McCoy.

## COUNT I
## UNLAWFUL DISCLOSURE IN VIOLATION OF THE
## PRIVACY ACT
### (against Defendant Wilkie)

47.     Plaintiff repeats and realleges all of the allegations set forth above as if fully alleged herein.

48.     Defendant, through various members of the Department of Veterans Affairs, willfully and intentionally disseminated information protected by the Privacy Act concerning CW4 Christian McCoy to the public.  This information included but is not limited to releasing personal financial information and health information of Plaintiff(s).

49.     The information disseminated was maintained within one or more Privacy Act systems of records retrievable by use of CW4 Christian McCoy's name or by some identifying number, symbol, or other identifying information assigned to CW4 Christian McCoy.

50.     Defendant did not obtain prior written consent from CW4 Christian McCoy or Francoise McCoy as representative of the estate of Christian McCoy, as required by 5 U.S.C. § 552a(b) and Francoise McCoy in her role as personal representative of the estate of Christian McCoy did not make a written request for such disclosure.

51.     No exception to the request or consent requirements of 5 U.S.C. § 552a(b) apply that would permit disclosure of this information to Sarah McNary or any other person.

52.     As a result of Defendant's violations of the Privacy Act and unlawful disclosure of CW4 Christian McCoy's private information to Sarah McNary, Francoise McCoy and the estate of Christian McCoy have suffered significant adverse effects, including significant mental and emotional anguish, being subject to ridicule and humiliation, being forced into the public eye, and

10

significant tarnishing of reputation. The estate of Christian McCoy and Francoise McCoy have suffered actual damages from those effects in the form of lost employment opportunities, time and travel expenses to combat the false narrative that resulted from the leaked information, cost of therapy for Francoise McCoy, thousands of dollars expended in legal fees and expenses during the probate litigation resulting from the leaked information and significant money expended in furtherance of this lawsuit to stop the continuous defamatory use of the leaked information and to recover the for the damage caused to Francoise McCoy and the estate of Christian McCoy.

**COUNT II**
**LIBEL**
**(against Defendant McNary)**

53.    Plaintiff repeats and realleges all of the information set forth above as fully alleged herein.

54.    Defendant McNary willfully, intentionally, and maliciously published numerous false statements about Francoise McCoy to the public set forth in paragraphs 28, 29, and 30.

55.    Defendant McNary acted with reckless disregard for the truth and/or with the knowledge that the statements she made were false and defamatory.

56.    Defendant McNary's false and defamatory statements have significantly tarnished Francoise McCoy's reputation and standing among her peers in the community, specifically the Military community to include the Green Berets. As a result of Defendant's false and defamatory statements, Francoise McCoy has suffered significant adverse effects, including significant mental and emotional anguish, being subject to ridicule and humiliation, and significant tarnishing of her reputation.

57.    Francoise McCoy has suffered actual damages from Defendant's false and defamatory statements in the form of lost employment opportunities in her field, time and travel

11

expenses to combat the false narratives created by Defendant McNary, the cost of therapy for

Francoise McCoy, and the thousands of dollars expended in furtherance of this lawsuit to put an

end to the continued damaging, intentionally defamatory and untrue statements of Defendant

McNary.

## COUNT III
## SLANDER
## (against Defendant McNary)

58.      Plaintiff repeats and realleges all of the information set forth above as fully alleged

herein.

59.      Defendant McNary willfully, intentionally, and maliciously published numerous

false statements about Francoise McCoy to the public set forth in paragraphs 25 and 27.

60.      Defendant McNary acted with reckless disregard for the truth and/or with the

knowledge that the statements she made were false and defamatory.

61.      Defendant McNary's false and defamatory statements have significantly tarnished

Francoise McCoy's reputation and standing among her peers in the community, specifically the

Military community to include the Green Berets.  As a result of Defendant's false and defamatory

statements, Francoise McCoy has suffered significant adverse effects, including significant mental

and emotional anguish, being subject to ridicule and humiliation, and significant tarnishing of her

reputation.

62.      Francoise McCoy has suffered actual damages from Defendant's false and

defamatory statements in the form of lost employment opportunities in her field, time and travel

expenses to combat the false narratives created by Defendant McNary, the cost of therapy for

Francoise McCoy, and the thousands of dollars expended in furtherance of this lawsuit to put an

end to the continued damaging, intentionally defamatory and untrue statements of Defendant McNary.

## COUNT IV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (against Defendant McNary)

63.     Plaintiff repeats and realleges all of the allegations set forth above as if fully alleged herein.

64.     Defendant McNary intentionally and recklessly published misleading and inaccurate information about Francoise McCoy, knowing Francoise McCoy suffered from Autism Spectrum Disorder and PTSD resulting from childhood trafficking, and would suffer severe emotional distress as a result.

65.     Defendant McNary knowing Francoise McCoy recently lost her husband to terrorists in Afghanistan, and the delicate family dynamics with CW4 Christian McCoy's children, went beyond all possible bounds of decency and interjected herself in a private family matter spreading false statements and causing further angst among the family who was trying to grieve the loss of CW4 Christian McCoy.

66.     Defendant McNary's intentional and reckless actions caused Francoise McCoy to suffer severe emotional distress that no reasonable person should have to suffer, including fear and anxiety, harm to her reputation, the negative and hateful posts on social media, and the torture of a permanently damaged relationship with her stepchildren as a result of Defendant McNary's actions.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY ON ALL COUNTS SO TRIABLE.**

WHEREFORE, Plaintiff demands judgment as follows:

1.      An award of compensatory and punitive damages as appropriate and determined by a jury at trial;

2.      An award of attorney fees, costs and any other disbursements incurred by the Plaintiff in pursuing this action;

3.      Such other and further relief as this Court deems appropriate.

Dated: September 14, 2020

Respectfully submitted,
Counsel for the Plaintiff,

Damian Boz, Jr., Esq. (BBO #673809)
BOZ LAW OFFICES, LLC
185 Devonshire Street
Suite 302
Boston, Massachusetts 02110
(p) 617-785-0010
(f) 617-977-9183
(e) damian@boz-law.com

(*pro hac vice admission pending*)
Timothy C. Parlatore, Esq. (N.Y. Bar Id # 4679429)
PARLATORE LAW GROUP
One World Trade Center
Suite 8500
New York, NY 10007
(p) 212-603-9918
(f) 212-202-4787
(e)timothy.parlatore@parlatorelawgroup.com

# EXHIBIT A

honorable death fighting a battle he believed in. Unfortunately, the aftermath here at home is not always fought with the same righteousness. Hard truths for a grieving young person to wrestle with. If you knew Christian and would like to know his remarkable son and share with him the positive stories about how Christian impacted your life, please private message me so I can explain his current situation and put you in touch with this incredible chip off the aul Green Beret block. If you didn't know Christian, don't miss out on knowing, and protecting, the precious children of our Fallen Hero.

#therealmccoy #themightymccoy #bamf #bamfsonofabamf #dorightbythefallen #doright #greenberet #childrenofthefallen #10thspecialforcesgroup #3rdspecialforcesgroup #20thspecialforcesgroup
@ Greenfield Town Common



56                                              7 Comments  1 Share

| Like | Comment | Share |

**Jennifer Jamison-Gines** Oh how I miss you!!
Like · Reply · 48w                                    1

   Sarah McNary replied · 1 Reply

**Rachel Heart Bellini** And I thought your brother was amazing...
Like · Reply · 48w                                    1

   Rachel Heart Bellini replied · 2 Replies

**Fina Castro** His father was a true hero. My father was a veteran of two wars and had the utmost respect and admiration for the green berets. Dad was a hardened veteran and did not give respect lightly.
Like · Reply · 48w                                    2

   Sarah McNary replied · 1 Reply

Write a comment...



| William L Blashford Jr. | |  Mēgan   Home   Create | 5 |



web.me.com/wblash133/wblash133/welcome
.html

   

Add Friend

**Share**



Louise Nunn If their faces are blurry, have I been drinking or have
they?

44w

William L Blashford Jr. replied · 1 Reply

 William L Blashford Jr.

October 6, 2019 ·

I know this young man personally and have been truly impressed by his
fortitude in the face of devastating loss and the protective manner in which
he has taken care of his minor sister. The despicable behavior of many of
the adults currently involved is shocking and sad. It's our job as a
community to protect the ones our fallen brothers leave behind. Private
message me, or Sarah if you'd like to help.



## Photos

## Friends

English (US) · Español · Português (Brasil) ·
Français (France) · Deutsch

Privacy · Terms · Advertising · Ad Choices   ·
Cookies · More
Facebook © 2020

**Sarah McNary** is at **Greenfield Town Common**.
October 6, 2019 · Greenfield, MA

This is Ben McCoy, the badass son of Fallen Green Beret Hero, Christian McCoy, and despite his brutally difficult circumstances, just like his Dad, Ben is FUN, hard...

See More

8                                                    2 Comments

|        Like        |       Share        |

 **Shilo Maria Watkins** It doesn't show anything



Like · 48w

**William L Blashford Jr.** **Shilo Maria Watkins** I fixed it. You look awesome and so does your beautiful family. It is so good to see how well your life is going. You have been a beautiful person since you were 3, I am glad I could be a part of your life

Like · 48w · Edited                                    1

# **EXHIBIT B**



# **EXHIBIT C**

